Nicholas, J.
Tbis ease is for hearing upon the pleading which the plaintiff has christened as his supplemental petition, and the answer of B. G-. Smythe, as guardian ad litem of the minor heirs of Minor Ii. Kramer,- deceased.
The original petition filed in the case is for the foreclosure of a mortgage upon certain premises and for judgment secured by the same upon a claim of the plaintiff against the defendant, Eliza Kramer.
This so-called supplemental petition alleges that the minor heirs of Minor H. Kramer, deceased, who are represented in this proceeding by a guardian ad litem, make certain claims of interest or right in the premises upon which is secured the mortgage interest of this plaintiff, and attempts to set out the claim of rights to these minors, and asks that a guardian be appointed for them, which has already been done, and that they be required, through their guardian ad litem, to set up by answer their claims of rights in said premises.
*502 B. G. Smythe, their guardian ad litem, in compliance with the order of the court, files an answer for his infant defendants, in which he claims that they'are tenants in common and the sole owners of the premises in controversy; that the defendant, Eliza "Whitehead, at the time she executed the mortgage described in the plaintiff’s petition, had no interest in said estate other than a dower interest, as- widow of Minor H. Kramer, and that she therefore had no right to execute a mortgage on said premises beyond her dower interest therein.
In the statement of the case it is disclosed to the court that the true controversy between these parties is as follows:
That at the time of the death of Minor IT. Kramer, the husband of Eliza Whitehead, and the father of these infant defendants, he left the property in question as his sole realty; that a proceeding was begun in the Probate Court of Licking County to sell said property to pay his debts, liens on said premises, and expenses of administration; that at said sale Eliza Whitehead, his widow, became the purchaser thereof, but it is claimed by these infant defendants- that they were not properly served with process in that proceeding and that therefore said sale was illegal and void and their rights in said premises are still subsisting.
This state of facts raises the single question as to whether or not this court in this collateral proceeding may treat the judgment of the probate court in the former proceeding as void.
We think the adjudicated cases in Ohio settle this question conclusively, although it has vexed the courts elsewhere for many years, and there is lack of uniformity on the subject.
Our Supreme Court in the case of Kearney v. Buttles, decided in the 1st O. S., at -page 369, held in a similar case that:
“Where it appears affirmatively that minor defendants have not been served with process, a decree purporting to determine the rights of such minors is void.”
Again, in the 13th O. S., at page 446, the case of Callen v. Ellison, our Supreme Court say that:
“Where the record, of a judgment of court of common pleas showed that the defendants by C, their attorney, came into court and by virtue of his power of attorney filed in that court con *503 fessed judgment for the defendants for the sum of,” etc., “it was sought in a collateral proceeding to show that the only power of attorney among the papers in the ease and which was marked with the proper number of the case did not appear to be signed by some of the .defendants, and that such defendants were at the time married women, and thereby to show that the judgment was rendered without jurisdiction and void. Held: That evidence of such facts could not be received to impeach the validity .and effect of the judgment.”
Again, in the case of Hammond v. Davenport, reported in the 16th O. S., at page 177, the court, on page 181, say:
“The question has given rise to much discussion and contrariety of opinion elsewhere, and has never been definitely settled by authoritative adjudication on the exact point in this state. It has been settled in this state, in respect to domestic judgments of courts of general jurisdiction, that where it appears from the record that the court has positively found the fact or facts on which its jurisdiction legally rests, the jurisdiction may not afterwards be collaterally questioned; though the judgment may be or may have been violated when attacked in a direct proceeding for that purpose, it is not and may not be shown collaterally to be void; on the other hand, it has been decided that where it affirmatively appears in the record that the defendant was not served with process or otherwise legally notified, the judgment is void.”
I especially desire to call the attention of counsel to the re-, marks of Judge G-holson in the .above cited ease of Callon v. Ellison, 13 O. S., 446, for in that opinion Judge Gholson discusses substantially every phase of this proposition.
Now, what does the record of the probate court disclose in the proceeding had before it when this property was sold by the administrator of Minor IT. Kramer to this defendant, Eliza Whitehead? ■ After enumerating personally all the defendants save these minors, the court finds that “the other defendants,” which include these minors, “have been legally served by summons.” This is such a finding as is referred to by all the authorities to which I. have called. attention and in which the courts of this state have uniformity held can not be attacked collaterally.
*504 Therefore, I conclude that these minor defendants are concluded, so far as this case is concerned, by the finding of the probate court, and they can not be permitted in this proceeding, by reason of this claim, to interfere with the progress of this suit. The purchaser of the property described in the petition is therefore entitled to have his title thereto quieted as to these minor defendants. Exceptions will be noted.